## Omer Bernier *vs.* Narragansett Electric Co.

JULY 23, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J.   This petition, filed under the workmen's compensation act, is before us on the respondent's appeal

from a decree entered in the superior court awarding the petitioner, a lineman, weekly compensation from October 14, 1933, for an indefinite period, by reason of partial incapacity caused by an injury to his back suffered March 31, 1932, while in the respondent's employ, the accident arising out of and in the course of such employment.

The petition was filed with the commissioner of labor, March 13, 1934, within two years of the date of the injury, under general laws 1923, chapter 92, article III, sec. 17, and prays for compensation from and after October 14, 1933, for partial incapacity only. The petitioner had filed a previous petition relating to the same injury, and asking for compensation to cover total incapacity. That petition eventually came before this court. *Bernier* v. *Narragansett Electric Co.*, 54 R. I. 294. It was there held that the petitioner was entitled to a weekly payment from the respondent, as compensation for partial disability for the period from December 1, 1932, to October 14, 1933, and a decree was entered to that effect. Compensation was stopped on the last-mentioned date because the petitioner was then employed, and apparently it was assumed that he had entirely recovered, but no finding was made to that effect. It appears, however, that he worked in that particular position only a short time after that date and was then discharged, no reason for such action being given by the employer. Thereafter he was employed at intervals on different government relief projects, doing chiefly light work. In the meantime the petition we are now considering was filed.

The respondent contends that the decision of this court under the previous petition is *res adjudicata* of the whole controversy between the parties arising from the injury in question, and that the present petition is improperly brought and invalid. We do not agree with this contention. Undoubtedly, the determination of the first petition adjudicated between the parties all matters raised by such petition from the time of the injury up to October

14, 1933, the date up to which compensation was allowed by the decree entered in that case. But we do not find that any determination was made for the period following that date, and, if the petitioner still believed himself totally or partially incapacitated thereafter by reason of the injury, we are of the opinion that he would be entitled to file a second petition to cover the period following the date up to which compensation had been awarded, where, as in the present cause, he was able so to do within two years from the time of the injury. His position would be analogous to that of an employee who, having failed to reach an agreement with his employer relating to incapacity to work on and after a certain fixed date, is asking for compensation starting from such date. Procedure of a like nature was approved by the court and followed in *Lopes* v. *B. B. & R. Knight, Inc.,* 50 R. I. 16. Under such circumstances the petitioner is not limited to the filing of a petition for review. It is well settled that the workmen's compensation act is a remedial statute, and is to be liberally construed and applied in order to carry out its purpose.

The petition now before us is not a petition for review, and is not governed by the sections of the act relating to that type of petition. It is not so framed, and under it the petitioner is not seeking to have reviewed any matters determined by this court under the previous petition, or included between the dates specifically referred to in the decree entered under that petition. Further, the fact that this court in *Bernier* v. *Narragansett Electric Co., supra,* found from the evidence only partial incapacity in the petitioner would not prevent his filing the present petition for a similar incapacity, because the allowance for compensation in the decree entered in that case was specifically limited to the period between December 1, 1932, and October 14, 1933, whereas the relief sought under the present petition is to start on such last-mentioned date. In our judgment, therefore, the petition in the cause at bar is properly brought, and the questions raised therein are not *res adjudicata* between the parties hereto.

The justice of the superior court, who saw and heard the witnesses, decided the issue of partial incapacity in favor of the petitioner, and this finding was embodied in the decree entered therein and appealed from. The workmen's compensation act provides in G. L. 1923, chap. 92, art. III, sec. 6, as amended by P. L. 1928, chap. 1207, that the findings of fact contained in the decree entered in the superior court shall be conclusive in the absence of fraud. No question of fraud is now raised. The above section of the workmen's compensation act has been consistently given effect to by this court, and, in our opinion, it applies to the cause now before us. *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309; *Walsh* v. *River Spinning Co.*, 41 R. I. 490; *Desrochers* v. *Atwood-Crawford Co.*, 47 R. I. 116; *Keith* v. *Narragansett Electric Co.*, 53 R. I. 160.

The respondent urges that the finding of the trial justice as to partial incapacity has no credible evidence to support it, and, therefore, that the cause falls within the rule set out in *Jillson* v. *Ross*, 38 R. I. 145 at page 150, as follows: "If the record discloses that a finding of fact is entirely without legal evidence tending to support it, such finding amounts to an error of law and will be reviewed by this court upon appeal and set aside." To pass upon this contention of the respondent we have examined the testimony introduced, and find that, in our judgment, the decision of the trial justice is based on legal evidence which supports it. From the record it appears that both parties tendered several witnesses on the material issues in the cause, and that the evidence given by these witnesses was largely conflicting. In particular, medical testimony was presented, the physician offered by the petitioner having examined the latter at intervals between December 13, 1932, and March 27, 1935, whereas the doctor giving evidence for the respondent had discharged the petitioner as cured on April 26, 1932, and had not seen him since October 28, 1932. On behalf of the petitioner, the first physician testified in substance that the former could do some kind of

work, but was suffering from a low back strain caused by the accident, that he could not do heavy work or laborer's work, which might cause a flare-up of the injury, that his ability to do forward bending and lifting was definitely limited, and that whether or not he could do climbing was a matter of serious doubt. This testimony, together with other evidence offered by the petitioner in relation to his experiences in working between the date of the injury and that of the hearing, in our opinion, furnished legal evidence tending to support the finding of the trial justice that the petitioner was partially incapacitated by the injury, which finding, under the above-mentioned section of the workmen's compensation act, for the purposes of this case becomes conclusive.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Roger L. McCarthy* and *M. Louis Abedon*, for petitioner.
*Clifford Whipple* and *Frank J. McGee*, for respondents.